FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 2 0 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Melvin Small, | Civil Action No.: _____ |
| Plaintiff, | 09 — 3125 |
| v. | |
| Ashton & Weinberg, | COMPLAINT |
| Defendant. | BIANCO, J. |
| | WALL, M.J. |

For this Complaint, the Plaintiff, Melvin Small, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Melvin Small (hereafter "Plaintiff"), is an adult individual residing at in West Bay Shore, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant (hereafter "Defendant"), is a Rhode Island limited partnership with an address of 7 Austin Avenue, Suite 2, Greenville, RI 02828, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant contacted the Plaintiff's wife at Plaintiff's home and told her to pay the debt.

10. The Defendant disclosed to the Plaintiff's wife that the Plaintiff owed a debt.

11. The Defendant threatened the Plaintiff with criminal prosecution if he did not immediately pay the debt.

12. The Defendant threatened the Plaintiff's wife that the Plaintiff would be arrested and sent to jail if the debt was not immediately paid.

13. The Defendant claimed that the Plaintiff had stolen money and he would tell his employer.

14. The Defendant threatened to "re-bill" all of the Plaintiff's clients charges in order to collect the money owed to him.

15. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

18. The Defendant misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

19. The Defendant threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

20. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

21. The Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff, in violation of 15 U.S.C. § 1692e(7).

22. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated New York state law.

28. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

29. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

30. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

4

## COUNT III
## VIOLATIONS OF N.Y. GEN. BUS. § 349 FOR UNLAWFUL DECEPTIVE PRACTICES AND ACTS

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. N.Y. Gen. Bus. § 349 declares unlawful any deceptive acts and practices in the conduct of any business, trade, or commerce within the state of New York.

33. The Defendant has repeatedly contacted the Plaintiff despite Plaintiff's requests that Defendant cease communication, has contacted third parties and has contacted the Plaintiff at his place of employment.

34. The Defendant's acts constitute repeated and persistent deceptive acts and practices, in violation of N.Y. Gen. Bus. § 349.

35. As a result of Defendant's violations of N.Y. Gen. Bus. § 349, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damage; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 10, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs